No. 8305.

CREEK ET AL. *v.* THE STATE, EX REL. WILES ET AL.

QUO WARRANTO.—*Pleading.—Complaint.*—A demurrer to a complaint alleging that the plaintiffs were the qualified trustees of a church, and that the defendants had wrongfully usurped the offices and duties, of such trustees, and had wrongfully taken possession of such property and excluded the plaintiffs therefrom, and praying that the defendants be declared not to be the legal trustees of said property, and that the plaintiffs have possession thereof, was correctly overruled.

From the Hamilton Circuit Court.

*R. R. Stephenson* and *L. O. Clifford*, for appellants.
*T. J. Kane* and *T. P. Davis*, for appellees.

FRANKLIN, C.—This is a suit by appellees against appellants for the purpose of ousting appellants, as trustees, and

obtaining the possession of the real and personal property of the Philippi Christian Church, situate in said county, and was in the nature of a proceeding in *quo warranto.*

The complaint was in two paragraphs. A general demurrer to the complaint was overruled, and an exception reserved. Answer filed in two paragraphs: 1st. A denial; 2d. That appellees were not the legal trustees of said church. Reply in denial; trial by court; finding for appellees; motion for a new trial overruled and excepted to.

The errors assigned in this court are, the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial. The first paragraph of the complaint is purely a proceeding in *quo warranto,* and alleges that appellees are the legally elected, qualified and acting trustees of said church; that appellants had wrongfully and without authority usurped the authority of the office of such trustees, and were attempting to discharge the duties of such office. The second paragraph contains additional allegations, that the church owned certain real estate upon which was situate a church house for religious worship, and certain personal property, books, etc.; and that said appellants, in addition and as a part of the usurpation of the office and duties of such trustees, had wrongfully and unlawfully taken possession of said property, and without right had excluded appellees therefrom, and still continued wrongfully to hold said possession and exclude said appellees; and concluded with a prayer that said appellants be declared not to be the legal trustees of said church, and that said appellees have possession and control of said property.

We think the complaint was sufficient, and there was no error in overruling the demurrer to it.

The reasons assigned in the motion for a new trial are, 1st. The finding of the court is contrary to the evidence; 2d. The finding of the court is not sustained by the evidence.

We have examined the voluminous testimony in the record, and, while it is in some respects conflicting, we think the finding is supported by the evidence, and is not contrary to it.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at appellants' costs.